### MONTGOMERY v. McNICHOLAS.

(District Court, E. D. Pennsylvania. June 21, 1905.)

#### No. 2.

BANKRUPTCY—FRAUDULENT TRANSFER OF PROPERTY BY BANKRUPT—ACTION TO RECOVER.

Instructions considered and approved in an action by a trustee in bankruptcy to recover the value of property alleged to have been transferred by the bankrupt with intent to hinder, delay, and defraud his creditors.

At Law. On motion for new trial.

Thomas Leaming, for plaintiff.

J. Washington Logue, for defendant.

HOLLAND, District Judge. This action was brought by the plaintiff as trustee of the estate of Samuel J. Ferguson, bankrupt, to recover from the defendant the value of a retail liquor license transferred to him by the bankrupt in fraud of his creditors one day before the petition in bankruptcy was filed. The suit was brought under section 67, subd. e, Bankr. Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], which provides that all conveyances of his property by a bankrupt within four months prior to the filing of the petition in bankruptcy, with intent

on his part to hinder, delay, or defraud his creditors, shall be null and void as against the creditors of the debtor, "except as to purchasers in good faith and for a present fair consideration." The section in question provides that property so transferred shall remain a part of the assets of the estate of the bankrupt, and shall pass to the trustee, whose duty it shall be to recover the same, by legal proceedings or otherwise, for the benefit of the creditors.

The defendant purchased this license from Samuel J. Ferguson, the bankrupt, on July 9, 1903, for the price or sum of $7,250, which is averred in the statement to be a consideration grossly inadequate, as it is claimed therein that the license is worth $15,000. The petition in bankruptcy filed against Samuel J. Ferguson alleged as the act of bankruptcy that he had conveyed the property in question with intent to hinder, delay, and defraud his creditors. He filed an answer denying this, demanded a jury trial, which was had on February 2, 1904, and a verdict rendered sustaining the allegation set forth in the petition, and on February 8, 1904, an adjudication in bankruptcy was accordingly entered. At the trial of the case against McNicholas a recovery was urged solely upon the ground that the price paid was not "a present fair consideration."

The first two reasons filed for a new trial cover the objections raised, and are as follows:

"(1) The learned trial judge erred in leaving to the jury the question whether or not the bankrupt had transferred his license with intent to hinder, delay and defraud his creditors, there being in evidence a special verdict of a jury in this court finding that the said bankrupt had so done.

"(2) The learned trial judge erred in charging the jury that in order to find for the plaintiff they must find that the defendant was a purchaser not in good faith and not for a fair consideration."

The record of the verdict of the jury finding that Samuel J. Ferguson committed an act of bankruptcy, in that he transferred this liquor license with intent to hinder, delay, and defraud his other creditors when he was insolvent, was offered in evidence by the plaintiff. The objection to its admission was sustained, and no exception was taken to this ruling of the court. The whole record in the trial of the case on the question of bankruptcy was subsequently admitted for another purpose. It was, however, used as evidence before the jury for the purpose of showing that the transfer of the license by Ferguson was with intent to hinder, delay, and defraud his creditors. This was not disputed by the defendant, and in the charge of the court the jury was told:

"There was offered in evidence a finding in this court that he did transfer his property with the purpose of hindering, delaying, and defrauding his creditors. That was ruled out because the proceeding was not between these two parties, but counsel for the plaintiff stated it and argued it before you as though it had been admitted in evidence. It is before you, and we will consider later the effect of arguing it to the jury after it had been ruled out. But just now, for the purpose I have mentioned, I state to you that was the finding of a jury in this court."

There were no further instructions given the jury on this point, and the record here referred to, which was admitted for another purpose, was with the consent of both sides used as evidence for

the purpose of showing that Ferguson made the transfer of this license to the defendant with intent to. hinder, delay, and defraud creditors. As this record was not admitted for the purpose of showing the intent of Ferguson, we think the court was right in the instructions given to the jury.

As to the second reason for a new trial, an examination of the whole charge will show that the jury was instructed with considerable detail and elaboration that they must find that the defendant purchased the license in good faith and for a present fair consideration, and that if the purchase was made not in good faith, or without a present fair consideration, the plaintiff was entitled to recover. In fact, both the plaintiff and defendant, in summing up to the jury, agreed that there was only one question in the case for the jury to consider, to wit, whether or not $7,250 was a present fair consideration. It was conceded by both sides that the transfer was made by Ferguson with the intent on his part to hinder, delay, and defraud his other creditors, and that the defendant, John J. McNicholas, made the purchase in good faith. The jury found the consideration paid was a full and fair value of the license.

The motion for a new trial is therefore overruled.